Palmer *v.* Spaulding.

## JONATHAN PALMER *vs.* HOSEA SPAULDING & *al.*

The certificate required to be sent or delivered by the impounder of beasts to the pound keeper by the stat. 1834, § 5, is wholly defective and insufficient, if it does not state the sum demanded "for damages or forfeiture and the unpaid charges for impounding the same."

If the beasts are impounded for being found running at large in the highway, a statement in the certificate that "the owner or owners are requested to pay the forfeiture and costs," is not a compliance with that provision of the statute.

Such certificate is also insufficient, if it does not give "a short description of the beasts" impounded.

And if it can be shown, that the owner of the beasts saw them put into the pound, this does not excuse the omission to describe them in the certificate.

But the seventh section of the same statute does not require the pound keeper to state the amount "legally and justly demandable" in dollars and cents in his advertisement.

The word *costs* is not used in the fifth and seventh sections of that statute in reference to any claim that may be made by the impounder, but refers to those undefined expenses which may arise during the after proceedings required by the statute.

EXCEPTIONS from the Court of Common Pleas, REDINGTON J. presiding.

Replevin for four oxen and four cows, alleged to belong to the plaintiff, and to have been illegally detained by the defendants in the town pound of the town of *Rome.* The writ was dated *June* 30, 1837, and was originally returnable before a Justice of the Peace. The service was made and the creatures were replevied the next day, *July* 1. They were taken up by the defendants in the public highway in that town, between six and seven o'clock on the morning of *June* 29, 1837, and were soon after delivered to the custody of the pound keeper, and at the same time a certificate was delivered to him, of which the following is a copy:

"Committed to the care of *Stephen Morrill,* pound keeper of the town of *Rome,* four oxen and six cows found running at large in the highways in the town of *Rome,* to be impounded in the town pound in *Rome,* and the owner or owners are requested to pay the forfeiture and costs, and take them away.

"*Rome, June* 29, 1837.        "HOSEA SPAULDING,
                                        ASA EATON."

This certificate was offered in evidence by the defendants, and objected to by the plaintiff as insufficient, because it was not in the form required by the statute, and because it did not state the amount claimed as forfeitures and costs, nor the amount claimed in dollars and cents, and because it was not directed to the pound keeper, did not describe the beasts, was signed by two persons instead of one, and did not distinguish which of the cattle was taken up and impounded by each of the defendants. This objection was overruled by the Judge, who decided, as the exceptions state, that the certificate was a sufficient compliance with the statute, it having been proved and not denied, that the plaintiff was present at the pound and claimed the cattle to be his at the time of delivering the cattle by the defendants to the pound keeper. .The defendants then offered in evidence the pound keeper's record as follows:

"Copy of three notices posted up according to law. Impounded in the town pound in *Rome* by *Hosea Spaulding* and *Asa Eaton* of said town, on the twenty-ninth day of *June* instant, four oxen and six cows for being found running at large in the highway in said town. The oxen colored red with some white, four cows colored red, and two cows, one brindle, and the other white with mealy, and the owner or owners are requested to pay what is legally and justly demandable and take them away. *Rome, June* 29, 1837. STEPHEN MORRILL, *Pound keeper of Rome.*"

The plaintiff objected to the admission of that record, and insisted, that it was insufficient, because it did not show that every thing had been done which the statute requires, and did not state specifically what had been done. The Judge overruled the objection, and admitted the record, and decided that it furnished sufficient evidence of the defendants' having taken all the measures incumbent on them to take, subsequent to the impounding, and prior to the replevying.

The plaintiff offered to prove by the pound keeper, that the advertisement mentioned in his record was not posted up and kept posted up and published in manner as the statute requires. The Judge rejected this evidence, but informed the pound keeper, that he might amend his record to conform to the truth. The pound keeper declined to make any amendment. The verdict being for the defendants, the plaintiff filed exceptions.

*May*, for the plaintiff, argued, that the plaintiff was entitled to recover, unless the defendants have shown a strict compliance with the provisions of the statute 1834, *c.* 137. It is penal in its provisions, and must be strictly construed. The instruction of the Judge was erroneous in directing the jury that the certificate left with the pound keeper was a sufficient compliance with the statute. It is deficient in not being directed to the pound keeper; and in not setting forth the name of the impounder, and his place of residence. When a statute prescribes a form and leaves a blank for any purpose, it is equivalent to a direction that such blank shall be filled. *Bell* v. *Austin*, 13 *Pick.* 90. The certificate should state in dollars and cents, and not by way of reference or inference, the amount claimed, that the owner may know how much to tender to free his cattle, and that it may be entered on the record of the pound keeper. It is no answer to say, that the penalty is fixed by law. The charges of impounding are not fixed by law, but are to be determined by the pound keeper. The impounder may not claim the full penalty fixed by law. The statute is express, that the certificate shall describe the beasts impounded. That the owner of the cattle knew where they were, furnishes no excuse for a violation of the positive provisions of law. The certificate is defective because it shows that two persons have joined in impounding beasts for a forfeiture, or because it does not state which cattle, were impounded by one, and which by the other. Two plaintiffs cannot join in an action to recover a forfeiture, unless the statute gives it to several. Here the penalty is given to the prosecutor in the singular number. 5 *East*, 313 ; *Wiscassett* v. *Trundy*, 3 *Fairf.* 204 ; 7 *Cowen*, 252.

The Judge erred in deciding that the pound keeper's record was sufficient ; because it does not appear that the certificate was recorded " at length therein ;" because the pound keeper has not stated therein " the time when the cattle were impounded, and the time when and by whom taken away." The record does not show the time when the notices were posted up, nor that a notice was kept posted in the pound keeper's dwellinghouse, nor even that one was ever posted there, nor at any other place within the town. He should state specifically what was done, that the Court may

judge of its sufficiency.   13 *Mass. R.* 483 ;  9 *Mass. R.* 242 ; 7 *Greenl.* 426 ;  8 *Greenl.* 334 ;  12 *Pick.* 206 ;  3 *Fairf.* 487.

*Bradbury* argued for the defendant, and said, that as it appeared from the case that the cattle were lawfully put into the pound, the true question was, whether the defendants became trespassers by reason of any subsequent omissions.   A substantial compliance with the requirements of the statute is sufficient, and the case shows that to have been done.   He examined the several objections made, and contended, that they did not exist in point of fact, or that they were not of a character to render the proceedings invalid.   It is not necessary that the certificate should state what the law is.   It is sufficient to say, that the penalty fixed by law is claimed.   Not claiming any thing for their own services, shows they were relinquished by the defendants.   Any omission to describe the beasts is cured either by the fact that the plaintiff was there and saw them put in the pound, or by the bringing this suit, and describing them.   The plaintiff had sufficient notice, and could not be injured by the omission.   The statement in the record that the notices were posted up according to law is sufficient. *Thayer* v. *Stearns*, 1 *Pick.* 109; *Bucksport* v. *Spofford*, 3 *Fairf.* 487.   Where two persons act jointly in taking up cattle running at large in the highway, they must sign the certificate jointly.   As there is but one penalty, they are jointly entitled to it.

The opinion of the Court was by

SHEPLEY J. — When the legislature has so clearly pointed out the duty of one impounding beasts, it is much to be regretted, that he cannot take the trouble to read the law informing him of his duty.   The *stat.* 1834, c. 137, § 5, declares, that " the impounder shall send or deliver to the pound keeper a certificate of the following purport," and then follows the form of one, which requires a statement of the sum in dollars and cents demanded for damages or forfeitures, and the unpaid charges for impounding the same. And provision is made by the twelfth section, that " the party impounding such beast or delivering the same to the pound keeper shall have a reasonable sum for his trouble, to be determined by the pound keeper," subject to the limitation, that it is not to exceed one half of the forfeitures.   These forfeitures and charges

are required by the second section, to be paid before the beasts are released, and it appears to have been the intention of the legislature clearly expressed, to enable the owner to know with certainty the amount to be paid for the use of the impounder. The pound keeper is required by the seventh section forthwith to advertise the same, and among other things to state, that "the owner is to pay what is legally and justly demandable." He is not required in the advertisement to state any certain sum in dollars and cents, for the expenses of keeping would continually vary the amount.

The statute also requires, that the impounder in the certificate should give "a short description of the beast." The certificate left in this case with the pound keeper did not describe the beasts, or state any sum demanded in any other manner than by requesting the owner "to pay the forfeiture and costs." The argument is, that the certificate is sufficient, because that is certain, which can be made so, and that the law has determined the amount of the forfeitures; and that no sum being stated as charges for impounding, it is to be understood, that nothing is claimed. The word costs is not used in the fifth and seventh sections of the statute in reference to any claim that may be made by the impounder. It refers to those undefined expenses, which may arise during the after proceedings required by the statute.

If a liberal construction would allow the impounder to dispense with all the words in the form, and deliver a certificate in substance the same, the same construction would require the conclusion, that he used the word costs to describe something which he intended to claim, and therefore designed it to refer to the charges for impounding. Such a construction of his language would be enforced by the considerations, that nothing appears authorizing the conclusion, that he designed to relinquish any of his rights; and that the word has no meaning where it is used by him unless he designed it to cover such a claim.

Can the impounder dispense with both the form and substance of that requisition of the statute making it his duty to describe the beasts, because in this case it might not have been useful to the owner? He does not appear to have waived any of his rights. A party cannot be permitted to say, that he will disobey a law, because he can prove that it occasioned no injury.

It would neither be correct, nor safe, to establish a rule, that the impounder may omit to describe the beasts, if he can satisfy a jury, that the owner was not thereby injured. The statute has not imposed upon the owner the burden of entering upon such an investigation.

*Exceptions sustained.*